UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRAD BARTON, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) )   Case No. 1:23-cv-00097-HAB-SLC |
| STEVEN MERSEREAU-KEMPF, *et al.*, | ) ) ) ) |
|     Defendants. | ) |

## OPINION AND ORDER

Before the Court is Plaintiff Brad Barton's motion to compel filed on December 19, 2023 (ECF 34), seeking to compel Defendants to fully respond to his outstanding written discovery requests served on April 21, 2023 (*id.* ¶ 1). Defendants have not filed a response to the motion, and their time to do so has passed. N.D. Ind. L.R. 7-1(d)(3)(A). For the following reasons, Plaintiff's motion to compel will be TAKEN UNDER CONSIDERATION.

Plaintiff filed his complaint against Defendants on January 25, 2023, alleging negligence. (ECF 1). On April 11, 2023, the Court conducted a preliminary pretrial conference, setting a discovery deadline of May 1, 2024. (ECF 17; ECF 18 at 1). On April 21, 2023, Plaintiff served Defendants with his interrogatories. (ECF 34 ¶ 1).[1] On November 20, 2023, The Court extended the discovery deadline to October 30, 2024. (ECF 31).

On December 19, 2023, Plaintiff filed the instant motion to compel, seeking an order to compel Defendants to serve Plaintiff answers to his interrogatories. (ECF 34; *see* ECF 34-1). In his motion, Plaintiff contends that he has followed-up continuously over the six months since the

---

[1] Plaintiff indicates that he also served Defendants requests for production, the answers to which were received "[j]ust prior to the filing" of the motion to compel. (ECF 34 ¶ 5).

responses were originally due, and that Defendants requested until the end of November 2023 to respond to the outstanding discovery requests. (*Id.* ¶¶ 2-3). Still having not received them, Plaintiff inquired about the status of the discovery responses again on December 4 and 11, 2023, but Defendants never sent the responses. (*Id.* ¶ 4).

"Under Federal Rule of Civil Procedure 37, a party is permitted to file a motion to compel discovery where another party fails to respond to interrogatories or requests for production of documents." *See Redmond v. Leatherwood*, No. 06-C-1242, 2009 WL 212974, at *1 (E.D. Wis. Jan. 29, 2009) (citation omitted). Together with the motion to compel, a party must file "a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action." N.D. Ind. L.R. 37-1(a); *see* Fed. R. Civ. P. 37(a)(1). "A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court." *Redmond*, 2009 WL 212974, at *1 (citation omitted).

Here, although Plaintiff has attached email communications between his counsel and Defendants' counsel as exhibits to the motion to compel, he has not filed a separate certification indicating that the parties have conferred in good faith or that Plaintiff's counsel has attempted to confer with defense counsel, in violation of the Court's Local Rule 37-1(a). As such, before ruling on the motion to compel, the Court will give Plaintiff an opportunity to file a separate Rule 37-1(a) certification.

Turning to the merits of the motion, Defendants appear to have, for the most part, ignored Plaintiff's counsel's attempts to resolve the discovery dispute. Further, Defendants did not file a response in opposition to the motion to compel, and their time to do so has passed. Consequently, on this record, the motion to compel is unopposed. *See Redmond*, 2009 WL

212974, at *1. Once Plaintiff has filed a Rule 37-1(a) certification, and the Court is satisfied that Plaintiff's counsel has attempted to confer with defense counsel in good faith, the Court will summarily grant the motion to compel.

For the foregoing reasons, Plaintiff's motion to compel (ECF 34) is TAKEN UNDER ADVISEMENT. Plaintiff is DIRECTED to file a Rule 37-1(a) certification on or before January 17, 2024.

SO ORDERED.

Entered this 10th day of January 2024.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge